DRINKWATER v. GRAY & als.

Where one conveyed lands by deed, reserving to himself the use of part of the premises, and half the profits of the residue for life, and the grantee entered, and fulfilled the terms of the reservation, and then died insolvent, leaving children who were minors, and whose guardian entered into the land ;—but neglected to perform the terms of the reservation ;—it was held that *assumpsit* does not lie against them for the particular reservations in the deed, nor for the use and occupation of the land.

THIS was an action of *assumpsit,* brought against the defendants who were minors and children of *David Gray.* The plaintiff declared that on a certain day he conveyed by deed to said *David* a certain farm on which the plaintiff then lived, describing it, "subject however to the following reservation, viz. " reserving to the plaintiff himself during the term of his natu- " ral life the free use and sole occupancy of the southwesterly " room in the dwelling house on said farm, as also one half the " produce or income of said farm after the same should be " harvested or housed from year to year and every year dur- " ing the continuance of his natural life aforesaid, free of all " labour, trouble or expense on his part on or about said farm ;" and enumerating divers other reservations for his own use and that of his daughter ;—and alleged that the said *David* on the same day entered into and took possession of the premises, subject to the reservation aforesaid, by virtue of said deed, and continued in possession thereof until his decease, *August* 4, 1819, leaving the defendants his heirs, to whom, as heirs of said *David,* the same estate descended, and into which they entered as heirs, and took possession accordingly, subject to the aforesaid reservation ; and thereby became liable, and in consideration thereof promised the plaintiff faithfully to fulfil and perform all duties on their part to be performed and fulfilled, to keep and improve said farm in a husbandlike manner, &c.— enumerating the specific reservations in the deed ;—and concluded with a special demand of performance on the defendants, and their neglect and refusal. There was also a *quantum*

*meruit* for the use and occupation of the farm by the defendants ;—and the common money counts. The defendants, by their guardian duly appointed, pleaded the general issue.

At the trial the deed was read in evidence ;—and it was admitted that *David Gray*, the father, died in *August* 1819,—that at the time of his decease he occupied the land and buildings described in the deed, with the reservation therein mentioned, complying with the terms of the conveyance ;—that the defendants, and their legal guardian, have continued so to occupy ever since, but have not accounted for the one half of the income according to the deed ;—and that the estate of the father was represented insolvent.

On this proof, by consent of parties, the Judge who presided at the trial ordered a nonsuit, with leave for the plaintiff to move to set it aside, if the Court should be of opinion that the action was maintainable.

*Emery*, for the plaintiff, said that the action was brought to ascertain what was the legal effect of the deed given by the plaintiff to the defendant's ancestor. If it was a conveyance upon condition, or with exception, this action could not be maintained. But he should contend· that it was a conveyance with a reservation of a rent for life out of the thing granted ; and for which this was the proper remedy at law. *Goodwin v. Gilbert*, 9 *Mass*. 510. From the nature of the claim no remedy lies against the administrator of the grantee. *Royce v. Burrill & als.* 12 *Mass*. 395. And it can only be sought against his heirs, who, though minors, are bound by all charges annexed to their estate. 2 *Inst*. 233. *Whittingham's* case, 8 *Co*. 44. 2 *Rol. Rep*. 72. *Hard*. 11. *Latch*, 99. *Carth*. 43. *Cro. Jac.* 320. *Kiston v. Elliot*. 3 *Burr*. 1717. *Co. Lit*. 242. *a*. 142. *b*. 143. 2 *Saund*. 165.

*E. Whitman*, for the defendants, said that the grant was either absolute, or conditional. If *absolute*, the remedy does not exist against the *heirs* of the grantee. If *conditional*, then the remedy is by entry for condition broken.

But it was not conditional. It is a reservation only, and is void,—because it is a reservation of the *profits* of the estate

Mariner v. Dyer.

granted,—and because the thing reserved did not exist at the time of the grant. And he cited *Noy's max.* 70.

The cause having been continued from the last term to this, for advisement, the opinion of the Court was now delivered by

Mellen C. J. This is an action of *assumpsit* against the defendants, who are *minor children* of *David Gray*, deceased, to whom the plaintiff had conveyed his homestead farm on certain conditions specially set forth in the deed. *David Gray* entered into and occupied the premises during his life, complying with the terms of the conveyance, and since his death the said minor children and their guardian have continued such occupation but have not accounted to the plaintiff for the one half the income, according to the reservation in the deed. This action is brought to recover its value,—and we are all satisfied it cannot be maintained. It is similar in principle to the case of *Haskell v. Haskell & al.* in this respect, and we refer to that case for the reasons of our opinion.

*Judgment for the defendants for costs.*